UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Ayala Barragon (A-Number: 240-174-869),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-08761-KES-EPG (HC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE**<br><br>Doc. 1 |

Petitioner Juan Ayala Barragon ("petitioner" or "Barragon") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 4. Barragon states that he entered the United States after being processed by immigration agents in 2008. Doc. 1 at 5. Respondents do not address petitioner's assertion that he was previously released by immigration authorities in 2008. *See* Doc. 9 at 1. Barragon was subsequently detained on October 5, 2026. *Id.* The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v.*

*Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders and that justify denying the petition. Doc. 8.

Respondents acknowledge that "[t]his case is not substantively distinguishable from those cases cited in the Court's order." Doc. 9 at 1. Respondents state that "*Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 3036) holds that § 1226(a) governs Petitioner's detention" and that "[p]etitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." *Id.* Respondents' records indicate that Barragon initially entered the United States in 2006 and voluntarily returned to Mexico. *Id.* at 5. Respondents do not dispute Barragon's representation that he encountered immigration authorities in 2008 and was released at that time. *See id.* at 1. Respondents' records also indicate that Barragon has no criminal history in the United States. *Id.* at 5.

For the reasons stated in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. Generally, courts have held that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Courts typically require evidence of urgent concerns or an especially strong governmental interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53

(1993) (noting that a post-deprivation hearing comports with Due Process “only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event” (internal citation omitted)). Respondents do not establish any urgent circumstances in this case and acknowledge that this case is “not substantively distinguishable” from cases including *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025). Doc. 9 at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Juan Ayala Barragon (A-Number: 240-174-869) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 3, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.